By the Court.
Mason, J.
The plaintiff, as assignee of Hinman & Beach, stands in.their shoes, and is chargeable with the knowledge which they possessed of all the facts of the case, and he has the same, and no greater rights than they would have if they were before the court. _ If they were the plaintiffs they could not maintain this bill on the ground of the necessity of discovery, because all the particulars of the account between them and the defendant were within their own knowledge. It was their duty to keep the accounts between the parties, and to *114 render such accounts to their principal, and it would be utterly impossible for him to state the account or to answer as to the particulars required of him by the bill, except upon information from them. We apprehend, therefore, that the counsel for the defendant is right in his position, that if this were a mere bill of discovery in aid of a suit at law, it could not be maintained; and much less could it be sustained for discovery •and relief, if the right to the relief depended solely on the right’ to the discovery.
But there is another ground upon which we. think the bill can be sustained, and that is the ground of mutual accounts.
The defendant has claims against the plaintiffs’ assignors for the proceeds of goods consigned to them, and they or the plaintiff, as their assignee, have claims against him for acceptances paid and moneys advanced upon' such consignments. It is not, as was contended on the argument, a case of set-off by the defendant. The distinction between set-off and- mutual accounts is thus clearly stated by a late writer, (Adams’ Doctrine of Equity, p. 222:) “ The right of set-off is that right which exists between two persons, each of whom, under an independent Contract, owes an ascertained amount to the other, to set off their- respective- debts by way of mutual deduction, so that, in any action brought for the larger debt, the residue only after such deduction shall be recovered.” “ The right óf account is essentially different from this. It is not a right to amalgamate independent cross demands for the purpose of enabling one action or suit to suffice; but it assumes that the several demands have no independent existence, but have been so connected'by'the original contract or-course of dealing, that the only thing which either party can claim is -the ultimate balance. The only right, therefore, is that of taking the account, ■and the form of procedure both at law and in equity, are framed for that purpose.
■The case before us comes-precisely within this definition of mutual' accounts, as distinguished -from a mere set-off, and no authority is necessary fo show ’that the court of chancery has ■jurisdiction- in all cases -of mutual accounts.-
*115 Nor is it any answer to say that the plaintiff' had a competent and adequate remedy at law. The question as to the jurisdiction of the court of chancery in cases where there is also a legal remedy, was very fully considered by this court in the case of Mayne v. Griswold, decided a few months since, (a) and we then held, upon a. review of numerous authorities, that although it is one of the doctrines of equity, that where a plaintiff has a plain, adequate, and complete remedy at law, a court of equity generally Will not interfere; yet that the application of this doctrine must be controlled and governed by another equally well established, that if the jurisdiction originally has properly attached in equity, on account of the supposed defect of remedy at law, that jurisdiction is not changed or taken away by the fact that courts of law have subsequently exercised jurisdiction in similar cases. Although, therefore, in the present case, complete justice might be done to these parties at law, by a reference under the statute, yet the plaintiff had the right, if he thought fit, to have his account settled in a court of equity.
The demurrer must be overruled, and the defendant must put in his answer and .pay the costs of the hearing in forty days after notice of the order overruling the demurrer.

 Reported in voL iii. p. 463.